## CHASE *v.* JOINER.

### (*Jackson.* May 29, 1890.)

1. CHANCERY SALE. *Non-complying purchaser not entitled to excess realized upon resale.*

   A purchaser at chancery sale who fails to comply with the terms of sale, is not entitled to an excess over his bid realized upon a resale of the property at his risk, made necessary by his default.

2. SAME. *Such purchaser not entitled to rents accruing between the sales.*

   Such purchaser is not entitled to rents of the property accruing during the interval between the sales.

3. SAME. *Practice as to making resale.   Case in judgment.*

   The Master reported sale, and that purchaser failed to comply with terms.   This report and the sale were confirmed, and the purchaser ordered to show cause for his non-compliance.   The purchaser failing to show cause, the Court ordered resale, upon terms of original sale, at the purchaser's risk, unless he should comply within twenty days. At the resale an excess over the bid at the first sale was realized.

   *Held:* The practice was proper, and the purchaser was not entitled to the surplus.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. B. M. ESTES, Ch.

MALONE & MALONE for Chase.

GANTT & PATTERSON *contra.*

SNODGRASS, J. There was a decree in the Chancery Court of Shelby County in this cause directing sale of lot in Memphis May 11, 1888, for one-third cash, balance in six and twelve months from date of sale, the deferred payments to be a lien on the land, and no title made until all the purchase-money was paid.

The Master reports he sold on these terms (requiring purchaser to execute interest-bearing notes for deferred payments, and lien retained) to Pat Cooney, June 9, 1888, and that Cooney wholly failed to comply with the terms of sale.

On July 13, 1888, an order is entered reciting that the cause was heard on this report of the Clerk and Master, "from which it appeared to the Court that at the sale had herein on June 9, 1888, Cooney became the purchaser at $3,650; and it further appearing to the Court that said Cooney has wholly failed to comply with his said purchase, on motion of W. J. Chase, said report is in all things confirmed, and the sale to said Cooney is confirmed, and he is hereby required to appear before this Court on July 18, 1888, and show cause why he has not complied with his bid."

Cooney appeared and showed no cause deemed sufficient to excuse him, and the Court held him not entitled to be released. It was then, on motion of complainant, ordered that the land be re-

sold at Cooney's risk, cost, and expense, on same terms of former sale, and further providing that if said property did not sell for enough to cover his bid, interest, and cost, then Cooney would be held liable for the deficit.

The Clerk and Master was not to execute this decree for twenty days, that time being allowed Cooney to comply with the terms of his purchase, and should he comply with the terms of his purchase, then the resale should not be made. Cooney never complied, and the resale was made, as ordered, at which the property brought $4,000.

Thereupon, Cooney demanded the rents of the property since the date of confirmation of report of Clerk and Master as to sale to him, with which he had refused to comply, and the excess of $350 which the land brought at the last sale over amount bid by him at first, less cost of sale and of collecting rents. This amounted to $299.85, and was decreed to him. Complainants Chase and wife *et al.* appealed and assigned errors.

The holding of the Chancellor is erroneous. The decree confirming a report stating a non-compliance with terms of sale, and directing purchaser to show cause why he does not comply, followed by another reciting that no sufficient cause appeared, and in terms confirming sale, but still giving further time to comply, shows no completed sale, and amounts to no more than a direction to resell at purchaser's risk without a confirmation, which is alone the proper practice. In such case

the property is not sold for the benefit of the
defaulting bidder, but on original terms of sale
for benefit of parties interested, he to be held
liable for damage, if any result from his default
in not completing the first sale, and not to take
benefits of the resale as though it had been a
completed one, fully complied with by him, as
would be the case where a purchaser paid the
cash required down and executed notes for balance,
failing to pay which a sale was had for purchase-
money—a wholly different case, and standing on
a wholly different equity.

The decree is reversed, and Cooney charged
with cost incident to his application and of this
Court.